## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| KATHERINE MERHULIK f.k.a., | ) | CASE NO.  1:20 CV 1188 |
| KATHERINE LEEDS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| | ) | |
| WELTMAN, WEINBERG & | ) | MEMORANDUM OPINION |
| REIS CO., LPA, | ) | AND ORDER |
| | ) | |
|     Defendant. | ) | |

This matter is before the Court on the Motion to Dismiss filed by Defendant, Weltman, Weinberg & Reis Co., LPA ("WWR").  (Docket #10.)

## I.     Factual Allegations and Procedural History.

As alleged in the Complaint, the facts of this case are follows:

Plaintiff, Katherine Merhulik, was employed by WWR from July 13, 2009 through September 1, 2016. Ms. Merhulik began her employment with WWR as a Legal Collector and, on November 24, 2012, was promoted to the position of Quality Assurance Telephone Monitor, a position which was later renamed Quality Assurance Specialist.  (Complaint at Paragraphs 8-14.) Ms. Merhulik alleges she was an exemplary employee; was well-qualified and educated in this area of work; and, received a raise and multiple awards from WWR during her employment. (Id.)

On September 1, 2016, was informed by WWR that her position was being downsized and that her employment, along with the employment off 22 others, was to be terminated due to a reduction in force ("RIF").  (Id. at Paragraph 16.)  Ms Merhulik was 59 years old at the time. (Id.)  Ms. Merhulik's job duties were redistributed to the remaining employees in her Department who were ages 44, 49 and 50.  (Id. at Paragraph 18.)  Mr. Merhulik alleges that she was not offered lesser collector positions upon termination, despite being qualified, and that those positions went to other employees outside of the protected class instead of termination.  (Id. at Paragraph 19.)

Ms. Merhulik alleges that when she was terminated, WWR used scorecards to rank employees in order to determine which employees would be terminated and that those scorecards unlawfully included "age" as a factor.  (Id. at Paragraph 20.)  Ms. Merhulk alleges that WWR's "workforce reduction practices or process of using scorecards with age of employees stated had a demonstrable effect of discriminating against employees on the basis of age" and disproportionately resulted in the termination of employees over 40.  (Id. at Paragraph 34.)

On February 27, 2017, Ms. Merhulik filed a lawsuit against WWR in the Cuyahoga County Court of Common Pleas, *Leeds v. Weltman, Weinberg & Reis Co., L.P.A.*, Cuyahoga County Case No. CV 17 876521, asserting claims of age discrimination and wrongful termination in violation of Ohio Public Policy, which was amended on April 17, 2017. (Complaint at Paragraph 31.)  That lawsuit was dismissed on October 18, 2018 "due to a death in the family of one of Plaintiff's trial counsel and the unwillingness of the state trial court to continue the trial date."  On October 9, 2020, Ms. Merhulik refiled her claims in the Cuyahoga County Court of Common Pleas, *Leeds v. Weltman, Weinberg & Reis Co., L.P.A.*, Case No. CV 19-922944.  That case remains pending and is set for trial.  (Id. at Paragraphs 42-43.)

-2-

In January 2018, WWR posted two job openings for Collections Specialist. (Complaint at Paragraphs 46-50.) Ms. Merhulik applied for both and states that although she was qualified, she was never contacted by WWR regarding either position. (Id. at Paragraphs 48 and 52.) Ms. Merhulik states that there are currently more than five job postings for Collection Specialist with WWR and that "some of these job postings are worded to intentionally seek out younger applicants," reading "are you looking to start your career in the Legal field." (Id. at Paragraphs 53 and 54.) Ms. Merhulik alleges that WWR hired several other job candidates for the second of the two job posting who were less qualified and not in the protected age class, and that other positions continue to remain open. (Id. at Paragraphs 65 and 66.) Ms. Merhulik asserts that WWR "failed to train employment decision makers on how to avoid an adverse impact on workers over the age of 40 in implementing an employment practice or decision" and "failed to perform any statistical analysis when using or implementing employment practices and decisions." (Id. at Paragraphs 56 and 57.)

On October 23, 2018, Ms. Merhulik filed a Charge with the Cleveland Field Office of the Equal Employment Opportunity Commission, Charge No. 532-2019-00136C, against WWR alleging age discrimination and retaliation, stating as follows:[1]

> I worked for respondent until I was laid off in September 2016. I filed a law suit regarding Age discrimination. I applied for an open position as a debt collector on January 22, 2018.
>
> I believe I was not interviewed in retaliation for filing a law suit. I was not interviewed for the open position and I have thirty years experience some of

---

[1]
    Ms. Merhulik's Complaint at Paragraph 70 reads, "Plaintiff made the following allegations in the EEOC charge." The Court has quoted the exact language set forth on the EEOC charge (Docket #1-1), as it differs in some respects from that set forth in Paragraph 70.

which I got while working for respondent.  I believe respondent hired a less
qualified and younger candidate than me.

I believe I have been discriminated and retaliated against due to my age (61) in
violation of the Age Discrimination in Employment Act of 1967, as amended
ADEA.

(Complaint at Paragraphs 69-70.)

Ms. Merhulik states that on January 10, 2020, WWR filed its position statement in

response to the EEOC Charge, which did not include the names, qualifications, applications or

resumes of any of the other applicants for the two WWR job postings.  (Id. at Paragraph 71.)  Ms.

Merhulik states that she was provided no evidence from the EEOC file and, on March 4, 2020,

the EEOC closed its Charge file and issued Plaintiff a Right to Sue letter.  (Id. at Paragraph 72.)

Ms. Merhulik filed her lawsuit in this Court on May 29, 2020, alleging the following

claims:

- Unlawful Intentional Age Discrimination (Disparate Treatment) in Violation of
  the ADEA, 29 U.S.C. § 621, et seq. (Count One), alleging WWR failed to
  consider her for the open positions WWR posted in January 2018 for which she
  was qualified and for which two less-qualified individuals under age 40 were
  allegedly hired;

- Unlawful Use of Hiring Criteria Having Disparate Impact on Applicants Over 40
  Years of Age in Violation of the ADEA, 29 U.S.C. § 621 et seq., (Count Two),
  alleging WWR used age as a factor in screening and considering applicants for
  employment which has a disparate impact on Ms. Merhulik and other qualified
  applicants over the age of 40;

- Unlawful Retaliation in Violation of the ADEA, 29 U.S.C. § 623(d) (Count
  Three), alleging WWR "failed to interview [her] and consider her excellent
  credentials for the 'Collections Specialist' positions" she applied for in January
  2018 in retaliation for the State Court lawsuit she had previously filed against
  WWR;

- Unlawful Retaliation in Violation of Title VII, 42 U.S.C. § 2000e-3(a) (Count
  Four), alleging WWR took adverse employment action against her by failing to
  interview her and consider her excellent credentials for the open jobs at WWR

-4-

because she opposed WWR's alleged unlawful employment practices of recruiting and hiring on the basis of age;

- Age Discrimination (Disparate Treatment) in Violation of Ohio Rev. Code §§ 4112.02 et seq. and 4112.99 (Count Five), alleging that Defendant's refusal to hire or interview her for the open positions in January 2018 was based on her age and constitutes disparate treatment;

- Age Discrimination (Disparate Impact) in Violation of Ohio Revised Code §§ 4112.02 et seq. and 4112.99 (Count Six), alleging WWR has a history and practice of using age as a determinative factor in employment decisions and that the alleged unlawful practice caused WWR to hire younger applicants who were not in the protected class to fill the open jobs for which she applied and was more qualified;

- Retaliation in Violation of Ohio Rev. Code §§ 4112.02 et seq. and 4112.99 (Count Seven), alleging WWR retaliated against her for filing the State Court Action by failing to interview or consider her excellent credentials for the open posted positions in January 2018.

On August 13, 2020, WWR filed its Motion to Dismiss Counts II, IV, V and VI of the Complaint. (Docket #10.) Ms. Merhulik filed her Opposition Brief on September 11, 2020 (Docket #13) and WWR filed a Reply Brief on September 25, 2020 (Docket #15). WWR's Motion to Dismiss is fully briefed and ripe for review.

## II.    Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. Ohio 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. Ky. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby*

*County*, 220 F.3d 433, 446 (6th Cir. Tenn. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545 548, at *2 (6th Cir. Ohio Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. Ohio 2001). It is with this standard in mind that the instant Motion must be decided.

**III.  Discussion.**

   **A.  Count Two – Unlawful Use of Hiring Criteria Having Disparate Impact on Applicants Over 40 Years of Age under the ADEA, 29 U.S.C. § 621 et seq.**

"The ADEA prohibits an employer from failing or refusing to hire, discharging, or discriminating 'against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . .'" *Geiger v. Tower Auto.*, 579 F.3d 614, 620 (6th Cir. Mich. 2009)(quoting 29 U.S.C. § 623(a)(1)). ADEA plaintiffs may

-6-

recover under a disparate impact theory. Disparate impact claims "'involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another.'" *Blanford v. Exxon Mobil Corp.*, 483 Fed. Appx. 153, 160 (6th Cir. Tenn. 2012)(quoting *Smith v. City of Jackson*, 544 U.S. 228, 239 (2005); *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 403 (6th Cir. Ky. 2008)). "[W]hen bringing a disparate impact claim, plaintiffs need not show that a defendant intended to discriminate, but must instead prove that a particular employment practice, although neutral on its face, has produced a significant adverse effect on a protected group to which the plaintiff belongs." *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 830 (6th Cir. Ohio 2000).

In Count Two of her Complaint, Ms. Merhulik alleges that WWR's "use of age as a factor in making employment decisions had a significant adverse disparate impact on [her] and other qualified applicants for employment . . . over the age of 40 in violation of the ADEA." Ms. Merhulik states, "By using age as a factor in screening and considering applicants for employment . . . [WWR] discriminated against qualified applicants over the age of 40."

The intentional use of age as a hiring criteria is not facially neutral policy or practice, but rather an allegation of a facially discriminatory practice. Ms. Merhulik references the "scorecards" allegedly used by WWR in its decision to terminate Ms. Merhulik's employment in 2016 as evidence of a "practice or process" that "had a demonstrable effect of discriminating against employees on the basis of age." (Docket #13 at p. 5, citing Paragraph 34 of the Complaint.) The scorecard is alleged to have expressly included age as a factor and, therefore, it is not facially neutral. Furthermore, the "scorecards" were allegedly used in 2016, when Ms. Merhulik was terminated, and there is no allegation that the "scorecard" was ever used by WWR

in determining which applicants would be interviewed or hired in January 2018. Therefore, while the "scorecard" may or may not be relevant evidence in some capacity relative to her other claims, it is not a neutral policy or practice that resulted in an adverse disparate impact on Ms. Merhulik or other qualified applicants over the age of 40 with regard to the interview and hiring process in 2018.

In support of her ADEA disparate impact claim, Ms. Merhulik also alleges that WWR failed to properly train hiring managers; failed to appropriately assess the impact its hiring decisions had on workers over the age of 40; and, that WWR's job postings were worded to intentionally attract younger applicants, reading "are you looking to start your career in the legal field?"

In her EEOC Charge, filed on October 22, 2018, Ms. Merhulik alleged:

I worked for respondent until I was laid off in September 2016. I filed a law suit regarding Age discrimination. I applied for an open position as a debt collector on January 22, 2018.

I believe I was not interviewed in retaliation for filing a law suit. I was not interviewed for the open position and I have thirty years experience some of which I got while working for respondent. I believe respondent hired a less qualified and younger candidate than me.

I believe I have been discriminated and retaliated against due to my age (61) in violation of the Age Discrimination in Employment Act of 1967, as amended ADEA.

Administrative exhaustion, although not jurisdictional, is a statutory prerequisite to maintaining a claim under the ADEA. *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 401 (6th Cir. Ky. 2008.) A claim must be reasonably expected to grow out of the EEOC's investigation of the charge if not explicitly raised therein. *Id.* at 402.

Ms. Merhulik's EEOC Charge does not identify a neutral policy that caused a disparate

-8-

impact, but rather alleges intentional action – specifically, that WWR's alleged failure to interview and hire her in 2018 was in retaliation for filing her earlier State court lawsuit and because of her age.  There is no mention whatsoever of practices or policies of WWR which she claims resulted in a disparate impact on older employees and the language of the EEOC Charge failed to include sufficient facts which would trigger an investigation into whether a facially neutral policy had the effect of discriminating against older individuals.

Furthermore, as set forth above, to state a disparate impact claim, an employee must identify an employer's "facially neutral policy" *and* show that it has an adverse impact on a protected group.  *EEOC v. Honda of Am., Mfg., Inc.*, Case No. 2:06 CV 233, 2007 U.S. Dist. LEXIS 37584, at *12-15 (S.D. Ohio May 23, 2007) ("a plaintiff must still identify, at the pleading stage, a specific facially neutral policy or practice that resulted in disparate impact") (citing *White v. Am. Axle & Mfg., Inc.*, Case No. 05 CV 72741, 2006 U.S. Dist. LEXIS 17462, at *15-17 (E.D. Mich. Feb. 14, 2006)).  "[I]t is not enough to simply allege that there is a disparate impact on workers, or point to a generalized policy." *Smith v. City of Jackson*, 544 U.S. 228, 241 (2005).  Thus, even if not otherwise precluded by a failure to exhaust, Ms. Merhulik's claims regarding the failure to train or assess are conclusory, fail to identify any specific, facially neutral practice or policy of WWR, and, therefore, are insufficient to support her disparate impact claim.  Likewise, there is nothing in the Complaint, aside from speculation, to demonstrate any disparate impact resulted from the wording of the 2018 job postings.  Ms. Merhulik did in fact apply for the open positions in response to the job postings and, although WWR advertised "are you looking to start" your career in the legal field, her claim that the word "start" had a disparate impact on older applicants, without more, is insufficient to state a claim.

For the foregoing reasons, Count Two of the Complaint is hereby dismissed.

**B.**     **Count Four – Unlawful Retaliation under Title VII, 42 U.S.C. § 2000e-3(a).**

Ms. Merhulik alleges WWR failed to interview her or consider her for the "Collections Specialist" position described in its two January 2018 job postings and that the failure to interview her or consider her was in retaliation for the prior age discrimination lawsuits and EEOC Charge she had filed against WWR.

Section 2000e-3(a) of Title VII "'prohibits an employer from retaliating against an employee who has 'opposed' any practice by the employer made unlawful under Title VII; and prohibits an employer from retaliating against an employee who has 'participated' in any matter in an investigation under Title VII.'" *Tingle v. Arbors at Hilliard*, Case No. 2:09 CV 1159, 2011 U.S. Dist. LEXIS 43281, *15 (S.D. Ohio Apr. 21, 2011) (quoting *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 578 (6th Cir. Ohio 2000); *see also Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1312 (6th Cir. Mich. 1989)).  Ms. Merhulik's "expression of opposition . . . must concern a violation of the statute for [her] to receive protection under Title VII." *Tingle*, 2011 U.S. Dist. LEXIS 43281, at *16 (citing *Monheimer v. Nielson*, Case No. 1:08 CV 356, 2010 U.S. Dist. LEXIS 120028, at *5 (S.D. Ohio Sept. 27, 2010)).

Title VII makes it unlawful for an employer to discriminate against an employee on the basis of race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a)(1).  Title VII's anti-discrimination protection does not extend to age discrimination.  *Clark v. City of Dublin*, 178 F. App'x 522, 525 (6th Cir. Ohio 2006)(citing *Kremer v. Chem Constr. Corp.*, 456 U.S. 461, 466 n.4 (1982); *Williamson v. Hartmann Luggage Co.*, 34 F. Supp. 2d 1056, 1063 (M.D. Tenn 1988); *Monheimer v. Nielsen*, Case No 1:08 CV 356, 2010 U.S. Dist. LEXIS 120028, at *5 (S.D. Ohio Sept. 27, 2010); *Wakefield v. Children's Hosp.*, Case No. C2 06 1034, 2008 U.S. Dist. LEXIS

-10-

91835, at *4 (S.D. Ohio Aug. 13, 2009); *Akar v. Prescott Hotel*, Case No. C 07 4531, 2008 U.S. Dist. LEXIS 43066, at *1 (N.D. Cal. June 2, 2009)).  Accordingly, Count Four of Ms. Merhulik's Complaint must be dismissed.

### C.    Count Five and Six – Age Discrimination Claims under Ohio Rev. Code §§ 4112.02 and 4112.99.[2]

In Count Five, Ms. Merhulik alleges that WWR's "refusal to hire or even interview [her] for the First Job Posting and Second Job Posting despite her superior qualifications on the basis of her age constitutes disparate treatment" in violation of Sections 4112.02 *et seq.* and 4112.99. In Count Six, Ms. Merhulik alleges that WWR "has a history and practice of using age as a determinative factor in employment decisions" which resulted in the "hiring of several younger applicants who were not in the protected class to fill the Second Job Posting, despite those applicants having inferior qualifications and less relevant work experience than Plaintiff" in violation of Section 4112.02 *et seq.* and 4112.99.

### Count Five

WWR argues that by filing her Charge with the EEOC, Ms. Merhulik elected to pursue an administrative remedy and is, therefore, precluded from filing a discrimination claim under Sections 4112.02 and 4112.99.   Courts are divided as to whether filing a charge with the EEOC constitutes an election of remedies for purposes of a State law discrimination claim and the Ohio Supreme Court has not directly addressed this issue.

In *Neal v. Franklin Plaza Nursing Home*, 2009-Ohio-2034 (8th Dist. Ct. App. April 30,

---

[2]

      Ms. Merhulik references Section 4112.02(C) throughout Count Five.  However, Count Five prohibits discrimination by labor unions.  As this case does not involve a labor union, the Court will assume the reference to subsection (C) is a typographical error.

2009), the Ohio Eighth District Court of Appeals held that because the plaintiff "filed a charge with the EEOC and never indicated that she would forego an investigation but was filing for technical purposes only, we find that her charge to the EEOC was likewise deemed filed with the OCRC, and thus [the plaintiff] is barred from bringing a private age discrimination claim under R.C. 4112.02 and 4112.99." *Id.* at P19. Prior to *Neal*, this Court also held that filing a charge with the EEOC constitutes and election of remedies for purposes of a State law discrimination claim. *Williams v. Allstate Ins. Co.*, Case No. 5:04 CV 2435, 2005 U.S. Dist. LEXIS 40799 (N.D. Ohio Apr. 19, 2005), adopted in relevant part by *Williams v. Allstate Ins. Co.*, 2005 U.S. Dist. LEXIS 40800 (N.D. Ohio May 31, 2005). However, decisions of Federal courts since that time have reached the opposite conclusion. Compare *Hillery v. Fifth Third Bank*, Case No. 2:08 CV 1045, 2009 U.S. Dist. LEXIS 39658 (S.D. Ohio May 11, 2009); *Gray v. Allstate*, Case No. 1:03 CV 910, 2005 U.S. Dist. LEXIS 40793 (S.D. Ohio Sept. 26, 2005); *Williams v. Allstate Ins. Co.*, Case No. 5:04 CV 2435, 2005 U.S. Dist. LEXIS 40799 (N.D. Ohio Apr. 19, 2005), with *Fambrough-McCoy v. White Castle Sys.*, Case No. 1:17 CV 19, 2017 U.S. Dist. LEXIS 112915 (S.D. Ohio July 20, 2017); *Fortunato v. Univ. Health Sys.*, Case No. 1:15 CV 1940, 2016 U.S. Dist. LEXIS 12249 (N.D. Ohio Feb. 2, 2016);[3] *Esparza v. Pierre Foods*, 923 F. Supp. 2d 1099

---

[3]As discussed by Judge Gaughan in *Fortunato*:

"Although the Ohio Supreme Court has not yet addressed the issue, it did address whether the filing of a state court action prevents the later filing of a claim with the OCRC for the purpose of meeting the ADEA's requirements. The court held that it did not. See, *Morris v. Kaiser Engineers*, 14 Ohio St. 2d 45, 14 Ohio B. 440, 471 N.E. 2d 471 (Ohio 1984)("Therefore, this court holds that a claimant who has previously filed an age discrimination action under R.C. 4101.17 is not barred from filing a claim with the OCRC pursuant to R.C. 4112.05 in order to satisfy the mandatory prerequisite to an action under the ADEA.") Thus, although not directly on point, the Supreme Court of Ohio has shown reluctance in interpreting the election of remedies provision in such a way that would require a party to choose between state and federal judicial relief. Based

(S.D. Ohio 2013); *Flint v. Mercy Health Partners of Sw. Ohio*, 940 F. Supp. 2d 243 (S.D. Ohio 2013)(quoting *McLaughlin v. Excel Wire & Cable, Inc.*, 787 F.2d 591 (6th Cir Ohio 1986)); *Johnson v. Ohio Cas. Ins. Co.*, Case No. 1:05 CV 742, 2006 U.S. Dist. LEXIS 73391 (S.D. Ohio Sept. 29, 2006)*; Spengler v. Worthingon Cylinders*, 438 F. Supp. 2d 805 (S.D. Ohio 2006)).  The Court is thus cognizant of the fact that there is a split between Courts which would make this issue unclear, even to an attorney or litigant with a deep familiarity with the law.

In briefing, Ms. Merhulik argues that even if the election of remedies doctrine precludes her claim under Sections 4112.02 and 4112.09, she has, in the alternative, asserted a viable claim under Ohio Rev. Code § 4112.14.  Ohio Rev. Code § 4112.14(A) provides as follows:

> No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.

"A violation of R.C. 4112.14 (formerly 4101.17) . . . can also support a claim for damages, injunctive relief, or any other appropriate relief under R.C. 4112.99.  This fourth avenue of relief is not subject to the election of remedies." *Leininger v. Pioneer Nat'l Latex*, 115 Ohio St. 3d 311, 318 (2007).  "A plaintiff may initially plead R.C. §§ 4112.02, 4112.14 and 4112.99 simultaneously and in the alternative, but 'must elect his sole remedy when an employer files a motion to dismiss.'" *Wood v. Summit Cty. Fiscal Office*, 377 F. App's 512, 514 (6th Cir. 2020)

---

on this reluctance, as well as the reasoning set forth in the Sixth Circuit opinions, which predict that the Ohio Legislature did not intend to bar federal court pendent jurisdiction of state statutory age discrimination claims, the Court finds that the filing of a charge with the EEOC is not an election of remedies pursuant to O.R.C. § 4112.08.  This result is in line with the longstanding principle that state and federal employment discrimination procedures are intended to complement each other."

*Fortunato*, 2016 U.S. Dist. LEXIS 12449 at *9-10.

-13-

(citation omitted). In other words, a plaintiff can postpone deciding which provision to rely upon until faced with a motion to dismiss, but cannot, after that juncture, continue to plead multiple bases and 'ask the court to sort it out.'" *Conrad v. U.S. Bank Nat'l Ass'n*, 391 F. Supp. 3d 780, 788-89 (S.D. Ohio June 19, 2019).

The decision of the Ohio Supreme Court in *Leininger* expressly states that a claim under Section 4112.14 is not subject to the election of remedies, thus providing an alternative route for Ms. Merhulik to raise her State law disparate treatment claim. Accordingly, the Court will deny WWR's Motion to Dismiss as to Count V of the Complaint.

### Count Six

Just as under Federal law, disparate impact discrimination under Ohio law "involves employment practices that are facially neutral in their treatment of different groups, but fall more harshly on one group." *Brown v. Worthington Steel*, Inc., 2005-Ohio-4571, 2005 Ohio App. LEXIS 4136, at *2 (10th Dist. Ct. App. Sept. 1, 2005). To establish a prima facie case of disparate impact discrimination under Ohio law, a plaintiff must: (1) identify the "particular employment practice;" (2) show a disparate impact on a protected group; and, (3) prove the employment practice caused the disparity. *Miller v. Potash Corp. of Saskatchewan, Inc.*, 2010-Ohio-4291, 2010 Ohio App. LEXIS 3625, at *12 (Ohio App. 3rd Dist. 2010) (citing *Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84 (2008)).

Ms. Merhulik alleges that WWR "has a history and practice of using age as a determinative factor in employment decisions." As set forth above, the employee "scorecards" are not facially neutral and there is no allegation that the "scorecards" were used in conjunction with hiring for the 2018 job openings; threadbare allegations regarding the failure to train or assess do not identify a "particular employment practice," are conclusory, and cannot sustain her

-14-

disparate impact claim; and, speculation that the wording of the job posting may have kept older

applicants other than Ms. Merhulik from applying for a job at WWR, without more, is

insufficient to state a claim for disparate impact discrimination.  Accordingly, Count Six of the

Complaint must be dismissed.

**IV.    Conclusion.**

For the reasons stated above, the Motion to Dismiss (Docket #10) filed by WWR is

hereby GRANTED IN PART.  Counts II, IV and VI of the Complaint are hereby dismissed.

IT IS SO ORDERED.

DONALD C. NUGENT
Senior United States District Judge


DATED:  December 7, 2020

-15-