IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATHERINE MERHULIK, | ) | CASE NO.: 1:20 CV 1188 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| WELTMAN WEINBERG & REIS CO., LPA, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendant. | ) | AND ORDER |
| | ) | |

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF #35). Plaintiff filed an Initial Response in Opposition the Defendant's Motion for Summary Judgment, accompanied by a Motion for Additional Discovery and request for permission to file a supplemental Response following additional discovery. (ECF #41). Defendant filed a Reply in support of its motion. (ECF #48). The Court ordered limited additional discovery and permitted supplemental briefing. (ECF # 57). Subsequently, Plaintiff filed a Supplemental Brief in Opposition to Defendant's Motion for Summary Judgment, and Defendant filed a Supplemental Reply Brief in Support of its motion. (ECF #59, 62). Following a thorough review of the briefs, supporting evidence, and all relevant authority, the Court finds that Defendant's Motion for Summary Judgment should be GRANTED.

## FACTS AND PROCEDURAL HISTORY[1]

The Complaint seeks relief for alleged violations of the state and federal anti-discrimination laws stemming from Defendant, Weltman Weinberg & Reis Co, LPA's ("Weltman") failure to hire Plaintiff, Katherine Merhulik, for the position of Collections Specialist under job postings #2547 and 2569. Specifically, Ms. Merhulik seeks damages under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and 623(d), as well as under Ohio Revised Code 4112.02 and 4112.99.[2]

Ms. Merhulik was hired by Weltman in June of 2009 as a "Legal Collector." She was fifty-two years of age when she was hired. In late 2012, she applied for the position of Quality Assurance Telephone Monitor, which was in a different department, and she was transferred to that position. She received a pay raise in April of 2016, but by September, she was terminated as part of a reduction in force. Ms. Merhulik was 59 years old when she was terminated. She claims her duties were re-assigned to three employees, all younger than she, but all still members of the protected class for age. According to Weltman's Applicant Tracking system she remained eligible for re-hire.

In 2017, Ms. Merhulik filed a wrongful termination claim in state court, alleging age discrimination and disparate impact. The original case was dismissed without prejudice and she re-filed in 2019 as Cuyahoga County Court of Common Pleas case number 19 CV 922944. That

---

[1] In accordance with the applicable standards on a motion for summary judgment, genuine questions of material fact have been resolved in favor of the non-moving party, in this case, the Plaintiff.

[2] The Complaint also cites 42 U.S.C. §2000e-3(a).

case was decided on summary judgment in Defendant's favor during the pendency of this litigation. The county court cited a lack of direct evidence of discrimination, failure to show a prima facie case of discrimination and a lack of evidence of disparate impact. (ECF #35-5). In January of 2018, Weltman posted a job opening for a Collections Specialist ("Posting 2547"). Ms. Merhulik applied. She was not interviewed and the posting was cancelled without having been filled. During the same month, Weltman posted another opening for a Collections Specialist ("Posting 2569"). Again Ms. Merhulik applied, and again she was not called in for an interview. She subsequently filed this action alleging that Weltman discriminated against her either based on her age or in retaliation for her filing suit against them in the Court of Common Pleas.

## STANDARD OF REVIEW

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56©). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine"

requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the non-mover. The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as

otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## ANALYSIS

Plaintiff claims that Weltman refused to hire her as a Collections Specialist under Postings 2547 and 2569 because of her age, and/or because she had previously filed a lawsuit against them for age discrimination. Defendant claims that it did not hire her because when she was previously employed by them in this type of position she consistently failed to meet her monthly collection goals and failed to follow certain procedures required by the job. Further, Weltman contends that Posting 2547 was a perpetual posting that drew several applications but did not align with a specific hiring need. Therefore, this posting went unfilled. Weltman also contends that it hired a candidate for Posting 2569 who had more recent and more relevant collections experience than Ms. Merhulik.

A. Age Discrimination

The ADEA prohibits an employer from failing or refusing "to hire or to discharge . . . . or otherwise discriminat[ing] against any individual with respect to compensation terms, conditions,

or privileges of employment, because of such individual's age." 29 U.S.C. §623(a)(1). Further, it is well settled that claims asserted under Section 4112 of the Ohio Revised Code are subject to the same standard as those brought under the federal discrimination claims. See, *Plumbers v. Steamfitters Jt. Apprenticeship Comm. v. Ohio Civil Rights Comm.*, 66 Ohio St.2d 192, 196 (Ohio 1981). "It is well established that the burden is on an employment discrimination plaintiff to establish a *prima facie* case of discrimination." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (citations omitted).

A plaintiff may establish a claim of disparate treatment in one of two ways--via indirect or direct evidence. First, a plaintiff may establish his case "by presenting credible, direct evidence of discriminatory intent." *Mitchell*, 964 F.2d at 582 n.4. In this case, Plaintiff does not claim to have any direct evidence of discrimination. In the absence of direct evidence of discriminatory intent, a plaintiff may establish a *prima facie* case of discrimination in a failure to hire case by showing that (1) she was a member of a protected class; (2) she applied for and was qualified for the position;(3) she was considered for and denied that position; and, (4) she was rejected in favor of another person with similar qualifications who was substantially younger. *Siwik v. Cleveland Clinic Found.*, 2019 U.S. Dist. LEXIS 34987, *31 (6th Cir. March 5, 2019), *citing Viergutz v. Lucent Technologies, Inc.*, 375 Fed. App'x 482, 484 (6th Cir. Apr 23, 2010).

In applying this test, although the burden of persuasion remains with the plaintiff, the burden of production shifts between the parties. The Sixth Circuit has described this approach as follows: "(1) the plaintiff must establish a prima facie case of . . . discrimination; (2) the employer must articulate some legitimate, nondiscriminatory reason for its actions; and (3) the plaintiff must prove that the stated reason was in fact pretextual." *Harrison v. Metropolitan*

*Gov't of Nashville and Davidson County*, 80 F.3d 1107, 1115 (6th Cir. 1996).

To establish pretext, the plaintiff "may succeed . . . either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Burdine*, 450 U.S. at 256. In order to withstand summary judgment, a plaintiff must come forward with evidence demonstrating that the defendant's articulated nondiscriminatory justification is not true. *Thurman v. Yellow Freight Sys.*, 90 F.3d 1160, 1166 (6th Cir. 1996), *amended on denial of reh'g*, 97 F.3d 833 (6th Cir. 1996); *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1082 (6th Cir. 1994). To make a submissible case on the credibility of his employer's explanation, the plaintiff is required to show by a preponderance of the evidence (1) that defendant's proffered reasons for the adverse employment action had no basis in fact, (2) the proffered reasons did not actually motivate the action, or (3) the reasons were insufficient to motivate the adverse action. *Manzer*, 29 F.3d at 1082.

In this case, the Plaintiff has neither offered evidence of, or even alleged the existence of any direct evidence of discriminatory intent. In order to maintain her action, she must, therefore, establish a prima facie case of discrimination by showing that (1) she was a member of a protected class; (2) applied for and was qualified for the position; (3) she was considered for and denied the position; and, (4) a substantially younger person with similar qualifications was hired in her place. *Id; Valley v. Bravo Pitino Restaurant, Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995); *Mitchell*, 964 F.2d at 582. Further, she must show that Weltman's articulated reasons for hiring someone else were mere pretext.

1. Posting 2547

At the time of her application for Posting 2547, Ms. Merhulik was over sixty years of age. She was, therefore, a member of the age protected class. She also applied for the position and there remains a question of fact as to whether Ms. Merhulik was qualified for the posted position. Although, according to Weltman, her prior experience in collections was less than successful, she did have approximately three years of experience with Weltman in the Collections Department. She also had some collections experience prior to her employment at Weltman. Further, Ms. Merhulik presented evidence indicating that Weltman categorized her as qualified for re-hire after her termination due to reduction in force,. Further, there is at least some evidence that the relevant job posting described the position as an entry level opening with no collections experience necessary.

However, Ms. Merhulik has offered no evidence that she was considered for and denied the position or that a substantially younger person replaced her. Weltman submitted evidence showing that this posting was withdrawn without being filled. Although Ms. Merhulik disputes Weltman's explanation of why and/or when the posting was withdrawn, she does not dispute that the posting went unfilled. Thus, she was not considered for and denied the position, and no one was hired in her place. Therefore, she cannot establish a prima facie case of discrimination in connection with her application for this posting.

    2. Posting 2569

As stated above, at the time of her application for Posting 2569, Ms. Merhulik was in the age protected class, and there is no dispute that she applied for, was considered for, and was denied the position. Further, Weltman does not contest, for purposes of summary judgment, that the position was given to a substantially younger person. They do argue, however, that Ms.

Merhulik was not qualified for the Collection Supervisor position that is the subject of this claim, and that her qualifications were not similar to those of the hired candidate. The issue of qualification must be decided in Ms. Merhulik's favor on summary judgment. For the reasons set forth above, there remains at least a question of material fact as to whether she was qualified for the posted position. In addition, there remains a question of fact as to whether Ms. Merhulik's qualifications were similar to or superior to those of the hired candidate. Therefore, for purposes of summary judgment, the Court will accept the facts in the light most favorable to Ms. Merhulik, the non-moving party, and will presume that she could potentially establish a prima facie case of age discrimination at trial.

However, even if Ms. Merhulik could establish a prima facie case of discrimination, she has not come forth with any evidence whatsoever that would prove the Defendants' articulated nondiscriminatory justification for choosing a different candidate is not true. In fact, Ms. Merhulik's testimony at her deposition corroborates and supports the Defendants' contention that, while employed in the Collections Department, she repeatedly failed to meet her performance goals and she received several verbal and written warnings, as well having been place on multiple performance improvement plans. Although she does not dispute that she had repeated periods where she failed to meet goals and was subjected to various warnings and demands for improvement, she cites various comments on her performance reviews where she received encouragement and accolades for making improvements or meeting goals. A review of her performance evaluations shows that she had some short periods of improvement and that she had some qualities that were valued by her supervisors. However, it also shows that despite her best

efforts, her productivity remained consistently below expectations.[3] (ECF #35-3).

Ms. Merhulik also fails to present any evidence that would contradict Weltman's contention that Ms. Myers, the candidate hired, had more recent and more relevant experience in collections. Ms. Merhulik's work in collections ended in 2012, whereas Ms. Myers had more than three years of recent experience in complex collections, which better matched the way Weltman's collection practice had evolved since Ms. Merhulik last worked in this area. Ms. Merhulik claims that she also had experience in complex cases and student loan collections through her past work on the Ohio Attorney General portfolio, but does not contest that when she switched to the more complicated AG files after her first year in collections she struggled and could not meet her goals.[4]

Ms. Merhulik makes much of the fact that Weltman looks at prior employees' employment records when deciding whether to interview or hire them, but does not seek outsiders

---

[3] Plaintiff also cites her 2014 and 2015 annual performance reviews where she received a rating of "met or exceeding all job expectations." These reviews, however, were not for her work in the Collections Department. Rather, she achieved these ratings when she left collections and began work in a different department.

[4] Ms. Merhulik also opines that Weltman's production goals were a moving target, wherein the better a collector performed, the higher their goals became. She complains that employees were commonly written up for missing goals and performance evaluations were intentionally underscored. She does not, however, provide any evidence, or even allege that such practices were imposed only on older workers. In fact she admits that she was not singled out in this regard. (ECF #35-4, PageID 485). Nor does she explain how this would undermine Weltman's testimony that did not offer her an interview because during her prior employment with the company she failed to meet productivity goals set by that company. The reasonableness of those goals and practices is not at issue. Weltman has a right set such expectations and to consider them in its hiring and firing practices so long as they are not discriminating on the basis of a protected designation.

employment files or references prior to offering an interview or extending an offer. Whether or not this is a fair or reasonable hiring practice, it is not illegal. Prior employment status with the hiring company is not a protected category under any discrimination laws. Similarly, she argues that the person who was hired, Ms. Myers, was not a good candidate because she was subject to a non-compete and had previously been terminated for sexually related harassment, but admits that Weltman did not know these things prior to hiring her. If Weltman did not know these facts prior to hiring, they could not have taken them into account in the hiring decision and they are irrelevant to these proceedings.

Finally, Ms. Merhulik offers the affidavit of Kelly Toppin in support of her claims. This affidavit does not create an issue of material fact that would preclude summary judgment. Nothing in Mr. Toppin's affidavit calls into question the validity or veracity of Weltman's proffered reason for failing to hire Ms. Merhulik. Even if Mr. Toppin's personal opinion was that Ms. Merhulik met the expectations of her job while in collections, he signed some of the reviews and verbal warnings that were issued to her and relied on by those filling Posting 2569. Further, Mr. Toppin was no longer at the company when the hiring decision for this Posting was made and his opinions were, therefore, never sought by or offered to the people in charge of making that hiring decision. His signed reviews and warnings provide a factual basis for Weltman's proffered reasons for not hiring Ms. Merhulik, and his personal opinions offer no insight into whether those reasons were pretextual.[5] Statements from Ms. Merhulik's past co-workers are irrelevant to the

---

[5] Defendant filed a Motion to Strike Affidavit of Kelly Toppin because Plaintiff did not timely and properly identify him as a witness. (ECF #44). Because the Court finds that the affidavit has no bearing on the outcome of the summary judgment motion, that motion will be denied as moot.

question of pretext for the similar reasons: their opinions were not offered to or considered by the people in charge of hiring, and their opinions would not override the information contained in her personnel file. Ms. Merhulik has failed to provide any evidence that would support a finding that Weltman's decision not to hire her had no basis in fact or were not actual and sufficient motivators for that decision. Therefore, Weltman is entitled to judgment in its favor on Plaintiff's claims for age discrimination.

B. Retaliation

To establish a prima facie case of retaliation, Plaintiff must show that she engaged in protected activity; (2) Defendant knew of the protected activity; (3) Defendant subsequently took adverse employment action against her; and, (4) a causal connection exists between the protected activity and the adverse employment action. *Marano v. Aircraft Braking Sys.*, 138 F. Supp.2d 940, 953 (N.D. Ohio 2001). As with age discrimination claims, once the plaintiff establishes a prima facie case of retaliation, the burden of production shifts to the defendant to offer a non-retaliatory reasons for the adverse employment action. *Ladd v. Grand Trunk W. R.R., Inc.*, 552 F.3d 495, 502 (6th Cir. 2009). Once such a reason is proffered, plaintiff has the burden to show that the proffered reason is mere pretext. *Id.* Weltman does not contest that the first two elements are met. However, they claim that the two people in charge of hiring were unaware of Ms. Merhulik's protected activity, and that causation cannot be inferred. Plaintiff on the other hand contends that the head of the Collections Department had input into the hiring decision and was aware of her lawsuit alleging age discrimination in connection with her termination under the reduction in force. Further, she argues that causation should be inferred due to the temporal proximity of her lawsuit and the hiring decision.

Even if Ms. Merhulik could establish a prima facie case of retaliation, she has not provided sufficient evidence to show that Weltman's proffered reason for not hiring her, i.e., her past failure to meet collection production goals, as well as her relative lack of recent collections experience, was mere pretext. All of the reasons set forth above in the discussion regarding pretext in connection with the age discrimination claim apply equally in the context of her retaliation claim. Ms. Merhulik has failed to provide any evidence that would support a finding that Weltman's decision not to hire her had no basis in fact or were not actual and sufficient motivators for that decision. Therefore, Weltman is entitled to judgment in its favor on Plaintiff's claims for retaliation.

## CONCLUSION

For the reasons set forth above, the Defendants' Motion for Summary Judgment (ECF #35) is hereby GRANTED in favor of the Defendant. Defendant's Motion to Strike Affidavit of Kelly Toppin is denied as moot. This case is dismissed with prejudice. IT IS SO ORDERED.

*[signature]*
Judge Donald C. Nugent
United States District Judge

Date: July 30, 2021